FILED

OCT - 7 2005

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT,
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KENNETH LAVERN MITCHELL,

    Petitioner,

vs.

DAVID L. RUNNELS, Warden,

    Respondent.

No. C 04-3277 CRB (PR)

ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS

    Petitioner pleaded guilty in the Superior Court of the State of California in and for the County of Santa Clara to felony transportation, sale, or distribution of a controlled substance (Cal. Health & Saf. Code, § 11352(a) - count 1), and misdemeanor possession of controlled substance paraphernalia (§ 11364 - count 2). He also admitted having suffered five prior convictions that qualified as strikes under the California Three Strikes Law. On or about January 15, 2001, petitioner was sentenced to 25 years to life in state prison on count 1, with a concurrent six-month jail sentence on count 2, pursuant to the California Three Strikes Law. Petitioner appealed, but the California Court of Appeal affirmed the judgment of trial court and the Supreme Court of California denied review.

    Petitioner then filed the instant federal petition for a writ of habeas corpus under 28 U.S.C. § 2254. Per order filed on January 18, 2005, the court found that the petition, liberally construed, stated cognizable claims under § 2254 and ordered respondent to show cause why a writ of habeas corpus should not be

granted. Respondent has filed an answer to the order to show cause and petitioner has filed a traverse.

## FACTUAL BACKGROUND

The California Court of Appeal summarized the facts of the case as follows:

> The following summary of the offenses is taken from the probation report. On June 12, 2001, at approximately 1:50 p.m., an undercover San Jose police officer was in the known high drug traffic area of South Second Street and Fountain Alley when [petitioner] and Manjaroe Hampton walked by. [Petitioner] made eye contact with the officer, approached him, and asked him what he wanted. The officer stated that he wanted a "twenty." [Petitioner] turned toward Hampton and said, "Give him a rock." Hampton handed an off-white rock to [petitioner] who placed it next to the officer's hand that was resting in the dirt of a tree planter. The officer picked it up and left two pre-recorded $10 bills in its place. [Petitioner] asked the officer for a "bump," but the officer denied the request. As the officer left, an arrest team arrested both [petitioner] and Hampton. Hampton possessed $163 in cash. [Petitioner] had the two $10 bills the officer had left him in his shirt pocket along with a clear glass pipe with a brillo pad. Crime laboratory tests confirmed that the off-white rock contained cocaine base and weighed .17 grams.

People v. Mitchell, No H024188, slip op. at 2 (Cal. Ct. App. May 29, 2003) (Resp't Ex. C)(footnote omitted).

## DISCUSSION

A.  Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The writ may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based

2

on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Id. § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13 (2000). "Under the 'reasonable application clause,' a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413.

"[A] federal habeas court may not issue the writ simply because the court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411. A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." Id. at 409.

The only definitive source of clearly established federal law under 28 U.S.C. § 2254(d) is in the holdings (as opposed to the dicta) of the Supreme Court as of the time of the state court decision. Id. at 412; Clark v. Murphy, 331 F.3d 1062, 1069 (9th Cir. 2003). While circuit law may be "persuasive authority" for purposes of determining whether a state court decision is an unreasonable application of Supreme Court precedent, only the Supreme Court's holdings are binding on the state courts and only those holdings need be "reasonably" applied. Id.

//
//

3

B. <u>Claims</u>

Petitioner raises three claims of ineffective assistance of counsel under § 2254. He specifically alleges that counsel was ineffective because counsel failed to: (1) argue that petitioner's sentence of 25 years to life was cruel and unusual punishment under the Eighth Amendment of the United States Constitution; (2) object at sentencing to the trial court's misstatement that petitioner's age could not factor into the court's discretion when deciding whether to eliminate petitioner's previous "strikes" pursuant to <u>People v. Superior Court (Romero)</u>, 13 Cal. 4th 497 (1996); and (3) object to the introduction of a "sanitized rap sheet," containing blacked-out entries of petitioner's previous police contacts, and the prosecutor's reference to unadjudicated arrests, leading the trial court to consider impermissible information in connection with petitioner's <u>Romero</u> motion.

In order for petitioner to prevail on an ineffective assistance of counsel claim, he must establish that: (1) counsel's conduct, seen objectively, was out of "the wide range of professionally competent assistance" and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Strickland v. Washington</u>, 466 U.S. 668, 691, 694 (1984). The court may determine whether any prejudice was suffered by the petitioner because of the alleged errors before deciding whether counsel's conduct was deficient. <u>Id.</u> at 697.

To show prejudice under <u>Strickland</u> for failure to file a motion, petitioner must show that (1) "had his counsel filed the motion, it is reasonable that the trial court would have granted it as meritorious," and (2) "had the motion been granted, it is reasonable that there would have been an outcome more favorable to him." <u>Wilson v. Henry</u>, 185 F.3d 986, 990 (9th Cir. 1999). Counsel's alleged failure to argue that petitioner's sentence violated the Eighth Amendment and to

object to a misstatement of the trial court at sentencing and to the admission of evidence is governed by the same standard.

### 1. Failure to bring a motion pursuant to Eighth Amendment

"The Eight Amendment does not require strict proportionality between crime and sentence. Rather, it forbids only extreme sentences that are 'grossly disproportionate' to the crime." Ewing v. California, 538 U.S. 11, 23 (2003) (citations omitted).

The Supreme Court recently made clear that "the only relevant clearly established law amenable to the 'contrary to' or 'unreasonable application of' framework [in 28 U.S.C. § 2254(d)(1)] is the gross disproportionality principle," which is applicable only in "exceedingly rare" and "extreme" cases. Lockyer v. Andrade, 538 U.S. 63, 73 (2003).

In determining whether a sentence is grossly disproportionate under a recidivist sentencing statute, the court looks to whether such an "extreme sentence is justified by the gravity of [an individual's] most recent offense and criminal history." Ramirez v. Castro, 365 F.3d 755, 768 (9th Cir. 2004); Compare id. (holding sentence of 25 years to life on petty theft with prior conviction was grossly disproportionate to crime where previous two strikes did not involve violence and where both strikes were the result of one negotiated plea resulting in a one-year county jail sentence) with Rios v. Garcia, 390 F.3d 1082, 1086 (9th Cir. 2004) (holding sentence of 25 years to life not grossly disproportionate for conviction of petty theft with a prior where defendant struggled with guard to prevent apprehension and prior convictions of robbery involved threat of violence "because his cohort used a knife").

Petitioner was sentenced pursuant to California's Three Strikes Law, which is triggered when a defendant is convicted of a felony, and he has suffered one or more prior "serious" or "violent" felony convictions. See Cal. Penal Code

5

§ 667(e)(2)(A). Under California's Three Strikes Law, any felony conviction can constitute the third strike and subject a defendant to a term of 25 years to life in prison. Lockyer, 538 U.S. at 67.

Petitioner's triggering offense, transportation, sale, or distribution of a controlled substance, was properly charged as a felony under California law. The California Court of Appeal, citing petitioner's probation report, outlined the factual circumstances surrounding petitioner's five previous "strike" offenses:

> In 1978, [petitioner] took a 72-year old man to the bank to cash his $155 check. After the defendant drove the man home, he tied the victim to a bed with an electric cord and took his money. In 1979, [petitioner] and a codefendant entered a store and grabbed the 18-year-old female clerk by the throat. He said, 'We are going to rob you, where do you keep the money?' The [petitioner] dragged the victim into a bathroom and banged her head into the wall several times until she told him where the money was. The [petitioner and codefendant] escaped with $30. In 1982, [petitioner] entered a local business and robbed two women at knifepoint. He left with $4,885, but was caught trying to get into a taxi. In 1986, [petitioner] grabbed a 63-year-old man and tried to take his wallet. The man resisted and yelled for help. A police officer heard and caught the [petitioner] after a foot chase. [Petitioner] blamed cocaine. [Petitioner] was sentenced to state prison for each of these offenses, most recently eight years for the 1986 offense.

People v. Mitchell, supra at 5-6 (internal quotes omitted).

The California Court of Appeal, while noting that petitioner did not raise the claim at trial, determined "on the merits" that petitioner's sentence did not constitute cruel and unusual punishment under the Eighth Amendment. Id. at 11-12. The court's decision did not address the merits of petitioner's claim that his sentence was unconstitutional, but instead focused on whether California's Three Strikes Law was itself constitutional. Id. Petitioner's claim was given passing reference in the final sentence of the opinion: "In sum, given all relevant considerations, [petitioner] has failed to establish that his sentence of 25 years to life is grossly disproportionate and therefore violates the Eighth Amendment's prohibition on cruel and unusual punishment." Id. at 12 (internal citations omitted).

6

Petitioner argues that the facts of his case are more akin to the facts in Ramirez than the Supreme Court's decisions in Lockyer[1] or Harmelin[2], and therefore, that his sentence is grossly disproportionate. He notes that: the triggering offense was for the sale of ".10 [sic] grams" of cocaine, which without prior offenses carries a maximum sentence of only five years; the triggering offense had "no victim and involved no violence"; he merely facilitated the exchange between the officer and Hampton; two of the his previous strikes constituted one event; strike offenses occurred before the passage of California's Three Strikes Law, so he could not have plea bargained away the strike designation at that time; his last strike was in 1986 and he has not committed violent crimes since that time; he, until the years immediately before his final arrest, maintained "gainful employment"; based on his age, he will likely die before he becomes eligible for parole, if he is granted parole; only a "defendant possessing 40 kilograms or more of cocaine would be eligible for as long [of] a sentence"; and no other jurisdiction would have imposed such a lengthy sentence for a such a minor offense, except possibly Louisiana. Pet. at 18-22.

The facts of petitioner's case, in fact, more closely mirror Lockyer and Harmelin, than Ramirez. Petitioner's strike offenses included violent robberies, not akin to the petty thefts of Ramirez. Further, petitioner's recent criminal history includes an attempted possession of cocaine conviction and a parole violation for possession of cocaine. While the last strike offense did occur 15 years before the triggering offense, petitioner spent much of that time in prison

---

[1] Lockyer v. Andrade, supra(petitioner's 50-years-to-life sentence upehld when triggering offense was petty theft and three prior convictions were for first degree residential burglary).

[2] Harmelin v. Michigan, 501 U.S. 957 (1991)(petitioner's life sentence upheld when triggering offense was possession of 672 grams of cocaine).

7

for his parole violations and a 1999 conviction. Finally, petitioner's triggering offense of possession, sale, or transportation of a controlled substance carries a maximum prison sentence of five years, much greater than the possible sentence for petty theft in Ramirez.

Based on the petitioner's history of criminal recidivism, which includes crimes of violence, his sentence cannot be said to be grossly disproportionate in violation of the Eighth Amendment. See Rios, 390 F.3d at 1086. The California Court of Appeal's rejection of petitioner's Eighth Amendment claim was not contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent, or involved an objectively unreasonable determination of the facts. See 28 U.S.C. § 2254(d). Petitioner is not entitled to federal habeas relief on a claim of cruel and unusual punishment and thus is not entitled to relief on a claim of ineffectiveness of counsel for not raising the argument at sentencing. See Wilson, 185 F.3d at 990. It simply cannot be said that had counsel argued that petitioner's sentence was cruel and unusual punishment, it is reasonably probable that the result of the proceeding would have been different. See id.

    2.    Failure to object to trial court's misstatement

In his state appeal, petitioner raised the underlying claim that "the trial court misunderstood its sentencing discretion and therefore failed to exercise its discretion to dismiss the strikes" under Romero. The California Court of Appeal denied the claim, stating:

> At the hearing on [petitioner's] motion to dismiss his strikes, [petitioner] asked to address the court and the court allowed him to do so. [Petitioner] briefly stated that he knew it was his drug use that brought him there, and he apologized "for causing all those problems." The court responded, "I have sympathy for your situation, but unfortunately the Romero case prohibits a Judge using his sympathy or resistance to the Three Strikes law in situations such as this to interfere with the proper disposition of the case." After allowing both defense counsel and the prosecutor to argue the motion, the court ruled as follows. "As I indicated to Mr. Mitchell when he spoke, I don't like the Three Strikes law to be

8

applied in cases where there is a minimal amount of contraband involved, and this was just one rock of cocaine base. Unfortunately, I'm bound by the law in the case and the [petitioner's] record. I cannot even take into account the [petitioner's] age. Prior to about seven years ago he had discontinued a substantial criminal record, but in the past seven years he has picked up again on offenses. So, unfortunately, I must deny your motion, [petitioner's counsel], in exercising my discretion in this case."

\* \* \*

In Romero, the California Supreme Court warned that the trial court's discretion to dismiss strikes pursuant to section 1385, subdivision (a), in furtherance of justice is "limited." The court explained that trial courts must consider both the constitutional rights of the defendant and the interests of society. Thus, they may not dismiss a strike solely to accommodate judicial convenience, to relieve court congestion, or as a response to a guilty plea. Nor may a court dismiss a strike solely because it disagrees with the harsh effects the Three Strikes law would have on a defendant while ignoring the defendant's background, the nature of his present offense, and other individualized considerations.

\* \* \*

We do not read the trial court's comments as indicating that it thought that it did not have discretion to dismiss any of [petitioner's] strikes because it was bound by [petitioner's] convictions. To the contrary, we read the court's comments as indicating that the court knew that it could not dismiss [petitioner's] prior strikes just because it felt sympathy for [petitioner] or just because [petitioner's] offense involved only a small amount of rock cocaine. The court correctly stated that it was [petitioner's] record of convictions that brought him under the Three Strikes law and that it was bound by the case law governing the exercise of its discretion to dismiss the strike allegations.

People v. Mitchell, supra at 3-5 (internal footnotes and citations omitted).

The California Court of Appeal noted that the trial judge erroneously stated that petitioner's age was not a factor in determining an Romero motion, however, it was not persuaded that the trial court would have exercised its discretion differently. The Court found that because petitioner's "criminal history dated back to at least 1973, his entire adult life, his age was not a factor in his favor. As the prosecution argued in its opposition to [petitioner's] motion to dismiss the strikes, '[petitioner] has not added maturity to his age.'" Id. at 5.

The California Court of Appeal's decision was not contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent, or

involved an objectively unreasonable determination of the facts. See 28 U.S.C. § 2254(d). Petitioner is not entitled to federal habeas relief on his claim of ineffective assistance of counsel because, based on the facts and analysis articulated by the Court of Appeal, he cannot show that if his counsel had objected to the trial court's misstatment, it is reasonable that the trial court would have sustained the objection as meritorious. See Wilson, 185 F.3d at 990. Further, even if the trial court had sustained the objection as meritorious, there is no reasonable probability that the consideration of petitioner's age would have led the trial court to grant his Romero motion and eliminate all but one of petitioner's previous strike convictions. See Id.

   3. <u>Failure to object to inclusion of "Sanitized Rap Sheet" and prosecutor's reference to unadjudicated arrest</u>

Petitioner claims ineffective assistance of counsel based on his counsel's failure to object to the inclusion of a "sanitized rap sheet" containing blacked-out entries of petitioner's non-strike police contacts, and failure to object to the Prosecutor's reference to an unadjudicated offense in 1991.

In his state appeal, petitioner raised the underlying claim that the trial court considered impermissible evidence by inferring damaging information from a rap sheet containing blacked-out entries. The California Court of Appeal rejected the claim, stating:

> [Petitioner] argues that the probation officer's attachment of a "sanitized" rap sheet to the probation report resulted in the presentation of unsubstantiated information prohibited by People v. Calloway, (1974) 37 Cal.App.3d 905. The court in Calloway disapproved of the use of a bare rap sheet, showing a record of arrests without the final disposition for the arrests, in a probation report. Due process dictates that any material used by the court of purposes for sentencing be accurate and reliable. "It is now well established that a probation report may refer to an arrest that did not result in a conviction, if supporting factual information is included and the information is not presented in a misleading manner." Here, the rap sheet was not presented in a misleading manner. It did not show a record of arrests without the final disposition for the arrests; it is only appellate counsel's suggestion that the 15 blacked out entries constituted references to arrests that did not result in convictions. In addition, it is only appellate

10

  counsel's suggestion that the trial court improperly considered the 15 blacked out entries when it exercised its discretion. On a silent record, we must presume the trial court acted properly. Also, [petitioner] has cited no authority to support his claim that the probation report and/or the prosecutor must include supporting information for all listed parole violations.

  In a supplemental brief, [petitioner] argues that the trial court failed to exercise its informed discretion because it erroneously believed [petitioner's] history was worse than it was. [Petitioner's] argument is based on trial court's comment in denying the motion to dismiss that, "Prior to about seven years ago [petitioner] had discontinued a substantial criminal record, but in the past seven years, he has picked up again on offenses." [Petitioner] argues that because he does not have any criminal history for five consecutive years out of the last seven, and that his only recent criminal history involved non-violent drug possession or use offenses in 1999 and 2000, the trial court's error caused it to exercise its discretion in an arbitrary way.

  We find no error. [Petitioner] had no convictions the first few years after he was released from prison in 1990, as the court acknowledged. He was returned to prison four times for violating parole, although the parole violations were not necessarily related to new charges. [Petitioner] had convictions again beginning in 1993, eight years (or "about seven years") before the 2001 offenses for which [petitioner] was being sentenced. The additional offenses included two felony convictions and several misdemeanor convictions, although there were no offenses between 1993 and 1999. The record does not support a finding that the trial court incorrectly believed that [petitioner's] criminal history was worse than it was.

People v. Mitchell, supra at 8-9 (internal citations omitted).

  The Court of Appeal did not expicitly address the petitioner's contention that the prosecutor referenced petitioner's unadjudicated arrest for sodomy by force, sexual penetration by a foreign object, and lewd and lascivious acts with a child in 1991.

  An unsubstantiated arrest for a sex crime involving a minor could bias a trial court's opinion, however, there is no evidence that the trial court here did in fact consider the arrest at issue in its Romero analysis. Further, there is simply no indication whatsoever that, had counsel objected and the objection been granted, it is reasonable that there would have been an outcome more favorable to petitioner. See Wilson, 185 F.3d at 990. Petitioner admitted to comitting five prior strike offenses--four robberies and one attempted robbery--which in

11

addition to his guilty plea for felony sale, transportation, or delivery a controlled substance, under the California Three Strikes Law, carries a 25-years-to-life sentence. Therefore, counsel's failure to object to the santized rap sheet did not prejudice the petitioner, such that the outcome of his Romero motion would have changed had counsel made the objection. Id.

The California Court of Appeal's decision was not contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent, or involved an objectively unreasonable determination of the facts. See 28 U.S.C. § 2254(d). Petitioner is not entitled to federal habeas relief on his claim of ineffective assistance of counsel because he cannot show prejudice, i.e., petitioner cannot show that if his counsel had successfully objected to the inclusion of the sanitized rap sheet or reference to an unadjudicated arrest, it is reasonable that the objections would have been sustained and that there would have been an outcome more favorable to him. See Wilson, 185 F.3d at 990.

## CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is DENIED.

The clerk shall enter judgment in favor of respondent and close the file.

SO ORDERED.

DATED: Oct. 07, 2005

CHARLES R. BREYER
United States District Judge

12

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

Mitchell,

        Plaintiff,

v.

Woodford et al,

        Defendant.

Case Number: CV04-03277 CRB

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 7, 2005, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Kenneth Lavern Mitchell T-40809
Soledad State Prison
P.O. Box 705
Soledad, CA 93960

Morris Lenk
Attorney General's Office
455 Golden Gate Avenue
Suite 11000
San Francisco, CA 94102-7004

Dated: October 7, 2005

        Richard W. Wieking, Clerk
        By: Barbara Espinoza, Deputy Clerk